434 P.2d 304

The EQUITABLE LIFE ASSURANCE SO-CIETY OF the UNITED STATES, a corporation, Plaintiff and Respondent,

v.

Alvin R. WALKENHORST and Joyce Walk-enhorst, his wife, Defendants and Appellants,

Ryder Truck Rental, Inc., a corporation, Utah Industrial Commission and Utah State Tax Commission, Defendants.

No. 10849.

Supreme Court of Utah.

Nov. 17, 1967.

---

Robert W. Hughes, Salt Lake City, for appellants.

Bayle, Hurd & Lauchnor, Wallace D. Hurd, Salt Lake City, for respondent.

ELLETT, Justice:

The plaintiff sued to reduce a note to judgment and to foreclose the mortgage securing the debt. The trial court granted summary judgment to plaintiff, and the Walkenhorsts prosecute this appeal.

The factual background is in substance as follows:

Alvin R. Walkenhorst made application to plaintiff to borrow $11,600. To secure the loan, he and his wife gave a mortgage on their home; and as further security, he took an insurance policy with plaintiff and assigned the same to plaintiff. The assignment of an insurance policy on the life of Alvin R. Walkenhorst was made a condition before the loan would be advanced to him. He was not obligated to take insurance with the plaintiff and was at liberty to place his policy with any other insurance company satisfactory to the plaintiff. However, he did take his policy with the lender and arranged to pay the premiums in a package deal along with the payments due on the note and mortgage.

■ He now claims that he was induced to take the insurance policy by being offered the loan and that this inducement violated the provision of Section 31–27–14, U.C.A.1953, which makes it unlawful for any insurer to "pay, allow or give, or offer to pay, allow to [or] give, directly or indirectly, as an inducement to insurance, * * * any special favor * * * or any valuable consideration or inducement whatever, not specified in the policy, except [not material here] * * *." .

He further contends that the note and mortgage were void as a matter of law.

This court does not believe that a requirement of an assignment of a life insurance policy on the principal debtor's life when that policy is not required to be written by the lending company is within the purview of the foregoing statute.

■ The insurance policy had a clause permitting a loan thereon after the expiration of two years and the payment of premiums for that period of time.

The appellants claim that the loan value was enough to bring the payments current on the note and that they, therefore, could not be in default.

This claim is not valid. In the first place, no loan value existed until after 24 months' payments had been made, and Mr. Walkenhorst had made only 23 such payments at the time of the filing of the foreclosure action. In the second place, the policyholder never attempted to borrow on the policy, and the company could not of its own accord borrow from the policy just to pay itself without the permission of the policyholder even if there had been a loan value available against the policy.

The motion for summary judgment made by the plaintiff was based upon the pleadings, answers to interrogatories, admissions, the affidavit of the attorney for the plaintiff, and the deposition of Alvin R. Walkenhorst.

There is no issue regarding the signing of the note and mortgage, the borrowing and receiving of the $11,600, or the default in paying the installments when due. While there is no affidavit or other proof in the record as to the value of the services rendered by plaintiff's attorney in connection with this foreclosure matter, nevertheless paragraph 7 of the complaint alleges the reasonable value thereof to be $1,375, and in defendants' answer they state: "Defendants in answer to paragraphs 4, 5, 6, and 7 answer that the allegations therein contained are generally true, except that defendants were not in default * * *."

The appellants raise other assignments of error. After due consideration, we find them to be without merit.

There being no disputed issue of fact, the judgment of the trial court is affirmed. Plaintiff is awarded its costs.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.